IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| **TODD JOHNSON**, ) | |
| Plaintiff, ) | |
| v. ) | **Case No.:** |
| ) | **Division:** |
| **KANSAS CITY KANSAS PUBLIC** ) | |
| **SCHOOLS USD 500** ) | |
| Serve: Registered Agent ) | **JURY TRIAL DEMANDED** |
| Susan Westfahl ) | |
| 2010 N. 59th Street ) | |
| Kansas City, Kansas 66104. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Todd Johnson, by and through the undersigned counsel, and states and alleges as follows for his Complaint against the above named Defendant:

## NATURE OF THE CASE

1. Plaintiff, while an employee of Defendant Kansas City Kansas Public Schools USD 500, was subjected to unlawful discrimination based on his status as an individual with a disability in violation of the Americans with Disabilities Act ("ADA").

2. Plaintiff seeks all relief available under the ADA, including but not limited to, compensatory and punitive damages, costs, and reasonable attorneys' fees.

3. Plaintiff demands a jury trial for all facts and issues stated and alleged herein.

## PARTIES

4. Plaintiff is a Missouri citizen residing in Kansas City, Jackson County, Missouri.

5. Plaintiff is a "qualified individual" under the ADA, specifically 42 U.S.C. §12111(8), because Plaintiff suffers from a disability but can perform the essential functions of his job with or without reasonable accommodation.

6. Defendant Kansas City, Kansas Public Schools USD 500 ("KCKPS") is a Kansas entity.

7. KCKPS, is an "employer" for purposes of the ADA and as defined in 42 U.S.C. § 12111(5)(A) because it employs more than 15 people each day.

8. KCKPS is an entity and thus incapable of acting on its own behalf and therefore acts through agents. It is liable for the conduct of its agents, including but not limited to the individual Defendants named herein, acting within the course and scope of their agency, its own negligence, the acts of its agents which it ratifies, injuries incurred by agents' performance of its non-delegable duties, and acts its agents take by virtue of their agency or employment with KCKPS

## JURISDICTION AND VENUE

9. Plaintiff submits to this Court's jurisdiction for the adjudication of his Complaint.

10. This Court has personal jurisdiction over KCKPS in that at all relevant times, KCKPS transacted business in the State of Kansas and committed the acts and omissions alleged herein in the State of Kansas within this District, and otherwise has a continuous and systematic presence in this District.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law and involve a substantial federal question.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District Court's territorial jurisdiction.

## ADMINISTRATIVE PROCEEDINGS

13. On or about January 4, 2016 Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission. The Charge Number is 563-2016-00545. A copy is attached hereto as **Exhibit A and is incorporated herein by reference.**

14. On June 14, 2016, the US Department of Justice issued to Plaintiff a Notice of Right to Sue. A copy is attached hereto as **Exhibit B and is incorporated herein by reference**.

15. This action has been filed within ninety days after June 14, 2016.

## FACTUAL ALLEGATIONS

16. Plaintiff was hired by KCKPS on October 21, 2013.

17. Plaintiff was initially employed as an ISS Monitor at JC Harmon High School and Assistant High School Basketball Coach at Sumner Academy.

18. In June 2014, Plaintiff was diagnosed with Multiple Myloma Poems Syndrome (Leukemia).

19. Plaintiff subsequently began treatment.

20. As a result of treatment, Plaintiff was forced to take time off from work.

21. Consequently, Ms. Shelly Beech, KCKPS's director of human resources, told Plaintiff that she could terminate his employment due to his absences.

22. Ms. Beech further stated that if Plaintiff voluntarily resigned, he would be allowed to return to KCKPS when healthy.

23. In August 2014, Plaintiff resigned from KCKPS.

24. By August 2015, Plaintiff's treatment concluded, though his physical rehabilitation continued, and continues currently.

25. On September 1, 2015, Plaintiff contacted Ms. Beech and explained he was re-applying for jobs with KCKPS.

26. Over the next two months Plaintiff applied for fourteen (14) jobs with KCKPS, including, but not limited to, jobs as an ISS Monitor and a basketball coach.

27. Plaintiff was never hired.

28. On multiple occasions, Plaintiff confronted Ms. Beech regarding the basis for why he was not being hired, or receiving further interviews, with KCKPS.

29. Plaintiff explained he was ready and able to return to work.

30. Plaintiff still received no job offers.

31. Afterward, Plaintiff contacted Dr. Bob Wilcox, Lead Director of Human Resources, regarding his concerns.

32. Dr. Wilcox initially scheduled an appointment with Plaintiff. However, due to a therapy conflict related to his cancer treatment, Plaintiff needed to reschedule the appointment.

33. Within several days after the appointment was cancelled, Plaintiff received a letter stating he would no longer be considered for employment with KCKPS.

34. Plaintiff was, and is, a qualified individuals whom is ready, willing and able to work.

35. As a result of his disability, KCKPS will not hire Plaintiff.

36. Defendant regarded Plaintiff as being and/or perceived Plaintiff to be disabled and/or Plaintiff has a record of being disabled.

37. Plaintiff's physical impairment substantially limits his ability to perform certain tasks.

38. Defendant knew or should have known of Plaintiff's diagnosis.

39. Defendant's conduct has caused Plaintiff degradation, humiliation, anxiety and emotional distress.

40. Defendant's conduct has caused Plaintiff lost wages and benefits.

41. At all times relevant herein, before and after, the individuals responsible for the acts alleged herein were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is vicariously liable for the individuals' actions.

## COUNT I
## Americans with Disabilities Act – Disability Discrimination/Failure to Accommodate

42. Plaintiff incorporates by reference all other paragraphs in this Complaint and restates and re-alleges the same.

43. The Americans with Disabilities Act prohibits discrimination against a person who has a mental or physical impairment that substantially limits one or more major life activities, or who is regarded as having such an impairment, or who has a record of such an impairment, which with or without reasonable accommodation does not interfere with the individual's ability to perform the essential functions of the job in question.

44. Defendant discriminated against Plaintiff because he is actually disabled and/or because Defendant regarded him as disabled.

45. Plaintiff was disabled for purposes of the ADA.

46. Plaintiff's disability substantially affects and/or has affected one or more of his major life activities.

47. Defendant knew Plaintiff was actually disabled and/or perceived and regarded Plaintiff as having a mental or physical impairment that substantially affects one or more of his major life activities.

48. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in ways including but not limited to: failing to provide Plaintiff with job opportunities for which he was well-qualified, treating Plaintiff with hostility and less favorably than similarly situated, non-disabled employees and ultimately denying Plaintiff the opportunity to attain employment with Defendant.

49. The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or perceived disability, and constituted disability discrimination that is prohibited by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

50. Plaintiff suffered tangible adverse employment actions as a result of Defendant's hostile treatment of Plaintiff and failure to hire Plaintiff, all based on Plaintiff disability or perceived disability.

51. Defendant's conduct has caused Plaintiff emotional distress, including but not limited to sadness, degradation, humiliation, anger, and upset.

52. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

53. Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person regarded as having a physical impairment that substantially limits one or more major life activities.

54. Supervisory and administrative level employees knew or should have known of the discrimination based on Plaintiff's disability or perceived disability, but they failed to

appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

55. The actions and conduct set forth herein were outrageous and showed an evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter others from similar conduct.

56. At all times mentioned herein, the above referenced perpetrators were employees, supervisors, managers, agents, servant, and employees of Defendant and were at all such time acting within the course and scope of their employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for punitive damages under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of this Complaint, for a finding that he was subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq*., for an award of compensatory and punitive damages, pre-judgment and post-judgment interest as provided by law, for his costs herein expended, for his reasonable attorneys' fees, and such other relief as this Court deems just and proper, including equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all counts of the Complaint.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the United States District Court for the District of Kansas, located in Kansas City, Kansas as the place of trial.

**HOLMAN SCHIAVONE, LLC**

By:    /S/ M. Shaun Stallworth
      M. Shaun Stallworth, KS FED # 78332
      Holman Schiavone, LLC
      4600 Madison Avenue, Suite 810
      Kansas City, Missouri 64112
      Phone: 816.283.8738
      Fax: 816.283.8739
      sstallworth@hslawllc.com

      ATTORNEY FOR PLAINTIFF